**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ADRIAN L. PERMETTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )     Case No. CIV-25-1548-HE |
| VICKI ZEMP BEHENNA, | ) |
| District Attorney for Oklahoma County, | ) |
| and; State of Oklahoma | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT DA VICKI BEHENNA'S REPLY TO PLAINTIFF'S RESPONSE
TO MOTION TO DISMISS**

Defendant, DA Behenna, submits this Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss. In further support of this Reply, Defendant states the following:

**I.     THE ROOKER-FELDMAN DOCTRINE BARS THE COURT FROM ADJUDICATING PLAINTIFF'S CLAIMS**

Plaintiff's federal claims in this case arise entirely from his conviction in Oklahoma County District Court. As such, this case falls squarely within *Rooker-Feldman*'s jurisdiction prohibition and should be dismissed. "[T]he *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments." *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006).

In his Response, Plaintiff argues that his case falls within the narrow but recognized category of cases supporting the Court's jurisdiction: *Skinner v. Switzer*, 562 U.S. 521 (2011); *Reed v. Goertz*, 598 U.S. 230 (2023); and *Gutierrez v. Saenz*, 606 U.S. 305 (2025). However, closer

inspection of the cases does not yield promising results for Plaintiff's jurisdiction arguments countering the applicability of *Rooker-Feldman* to this suit. The actual question in *Skinner* turned on resolving a circuit split regarding whether "a convicted state prisoner seeking DNA testing of crime-scene evidence" could assert his claim "in a civil rights action under 42 U.S.C. § 1983, or … [could do so only] in a petition for a writ of habeas corpus under 28 U.S.C. § 2254." *Skinner* 562 U.S. at 524. *Reed* centered on a statute-of-limitations issue that had likewise divided the circuits. 598 U.S. at 232 ("If a prisoner's request [to order post-conviction DNA testing of evidence] fails in the state courts and he then files a federal 42 U.S.C § 1983 procedural due process suit challenging the constitutionality of the process, when does the statute of limitations for that § 1983 suit being to run?"). And in *Gutierrez,* the conflict arose "[w]hen the local prosecutor refused to test [DNA] evidence in his custody." 606 U.S. at 308. There the Supreme Court reversed the Fifth Circuit, which held "that Gutierrez lacked standing to bring his § 1983 suit, reasoning that, even if a federal court declared that Texas's procedures unconstitutional, the local prosecutor would be unlikely to turn over the physical evidence for DNA testing." *Id.* at 309. However, none of those cases were held to be barred by *Rooker-Feldman*, and the *Gutierrez* majority never even mentioned the doctrine. Plaintiff continues to argue that he is not attacking his underlying state conviction, only the Oklahoma state constitutional defect. However, it is clear that Plaintiff satisfies all of the requirements of the *Rooker-Feldman* doctrine: he is a state court loser, he complains of injuries caused by a state court judgment, this judgment was rendered before the instant federal court action commenced, and Plaintiff invites federal review of this judgment. Therefore, Plaintiff's claims must be dismissed for lack of subject matter jurisdiction.

## II. PLAINTIFF'S CLAIMS ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY

Plaintiff argues that this case is not barred Eleventh Amendment immunity as *Ex Parte Young* applies. *See* 209 U.S. 123 (1908). "States enjoy sovereign immunity from suit under the Eleventh Amendment ... [b]ut [such] immunity is not absolute." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). Under *Ex parte Young*, 209 U.S. 123 (1908), "a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Muscogee (Creek) Nation*, 669 F.3d at 1166. And as a general matter, "Oklahoma has not waived its Eleventh Amendment immunity." *Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 589 (10th Cir. 1994).

Here, Plaintiff does not identify an ongoing violation, rather he identifies the purported constitutional violation that occurred when Plaintiff's request for DNA testing was denied in 2024. Further, Plaintiff does not seek prospective relief, he requests the Court's assistance to obtain the result he desires in his prior quest for post-conviction DNA testing. Therefore, the *Ex Parte Young* exception is inapplicable, as Plaintiff's claims against Defendant DA Behenna in her official capacity are barred by the Eleventh Amendment. *Polaski v. Colorado Dept. of Transp.*, 198 F. App'x 684, 685-86 (10th Cir. 2006) (dismissal on grounds of Eleventh Amendment immunity as dismissal for lack of subject matter jurisdiction and must be dismissed without prejudice) (citing *Breton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006)).

### III.    PLAINTIFF CANNOT STATE A CLAIM FOR VIOLATION OF PROCEDURAL DUE PROCESS

Plaintiff maintains that "Defendant refuses access under Oklahoma's postconviction DNA procedure. Plaintiff alleges that the procedure violates procedural due process as applied to him." [Doc. 16 at 11]. Even if the Court could properly exercise jurisdiction over this action, Plaintiff would not be entitled to relief because he has failed to plausibly state a procedural due process claim. To determine whether a procedural due process violation has occurred, courts engage in a familiar two-step inquiry. *M.A.K. Inv. Grp., LLC v. City of Glendale*, 897 F.3d 1303, 1308 (10th Cir. 2018). First, the Court considers whether the Defendants' "actions deprived [Plaintiff] of a constitutionally protected property interest." *Id.* (quoting *Pater v. City of Casper*, 646 F.3d 1290, 1293 (10th Cir. 2011)). If so, then the Court determines "whether [Plaintiff] w[as] afforded the appropriate level of process." *Id.* at 1309 (quoting *Pater*, 646 U.S. at 1293). Here, Plaintiff seeks to obtain DNA testing or access to evidence under Oklahoma's postconviction statute. However, Plaintiff cannot plausibly allege that Defendant DA Behenna deprived him of any entitlement created by state law. Rather his allegations reflect that he invoked the statutory procedure and received a determination. Moreover, assuming Plaintiff could satisfy step one of the due process inquiry, the argument fails at step two because he does not plausibly allege a constitutionally inadequate process. Plaintiff's allegations amount to the contention that the state court reached the wrong result when it applied Oklahoma's statutory criteria to the facts of his criminal conviction and the resulting denial of relief. This does not amount to a procedural due process claim, but an attack on the correctness of the state court's decision.

As addressed in Defendant's Motion to Dismiss, the Tenth Circuit and the Northern District of Oklahoma have already considered and rejected materially identical procedural due process challenges to Oklahoma's statute, concluding that the statute does not violate the Fourteenth Amendment. *See Kimbrough v. Kunzweiller*, No. 25-CV-0185-CVE-CDL, 2026 WL 1412610, at *4 (N.D. Okla. May 20, 2026); *Huey v. Kunswiler,* 847 F. App'x 530 (10th Cir. 2021). Accordingly, Plaintiff has not plausibly alleged either the deprivation of a constitutionally protected interest or the denial of constitutionally sufficient procedures, and his as-applied procedural due process claims must fail. For these reasons, Plaintiff has failed to state a claim upon which relief can be granted.

## IV.    PLAINTIFF IS NOT ENTITLED TO PROSPECTIVE RELIEF

Plaintiff seeks prospective relief from an ongoing violation: continued denial of access to existing biological evidence under a procedure plaintiff alleges is fundamentally inadequate as applied. [Doc. 16 at 10]. To obtain prospective injunctive relief, a plaintiff must allege a real and immediate threat of future injury. *O'Shea v. Littleton,* 414 U.S. 488, 493 (1974) (quoting *Linda R.S. v. Richard D.,* 410 U.S. 614, 617 (1973) (internal quotations omitted). Past injury alone is insufficient. The threatened injury must be concrete, actual or imminent, and not merely conjectural or hypothetical. *Id.* (quoting *Golden v.* Zwickler, 394 U.S. 103, 109-10 (1969)). Here, Plaintiff has failed to argue that he has suffered any immediate or ongoing threat of injury. The controversy in this case surrounds Plaintiffs prior criminal conviction and his desire to obtain evidence for postconviction purposes, specifically, "access to specific biological evidence." [Doc. 16 at 11]. At most, Plaintiff challenges alleged defects in past proceedings, not a continuing deprivation that is currently causing an immediate, ongoing

injury. The fact that Plaintiff remains incarcerated does not transform an alleged due process defect within the Oklahoma statute into an ongoing constitutional violation remediable by prospective relief. Accordingly, Plaintiff's request for prospective relief must be denied.

## CONCLUSION

For these reasons, as well as the justification fully set forth in Defendant's Motion to Dismiss, Defendant respectfully requests this Court dismiss Plaintiff's claims against them and grant any and all such relief as the Court may deem appropriate.

Respectfully submitted,

*s/Lauren Ray*

**LAUREN RAY, OBA #22694**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Unit
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105-3498
T: (405) 521-3921 | F: (405) 521-4518
Lauren.Ray@oag.ok.gov
*Attorney for Defendant District Attorney Vicki Behenna*

## CERTIFICATE OF MAILING

I hereby certify that on this 17th day of July, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and I further certify that a true and correct copy of the foregoing document by U.S. Mail, postage prepaid, to the following who are not registered participants of the ECF System:

Adrian L. Permetter OBA #636965
RRCC
8607 SE Flower Mound Rd.
Lawton, Oklahoma 73051

*s/Lauren Ray*
Lauren Ray

6