**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ADRIAN L. PERMETTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-25-1548-HE** |
| | ) | |
| **VICKI ZEMP BEHENNA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Adrian L. Permetter, a state inmate appearing through counsel, filed a complaint pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking access to DNA evidence from his criminal prosecution for testing.[1] Doc. 1. United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 3.

Before the Court is Defendant Behenna's Motion to Dismiss. Doc. 15. Plaintiff responded, Doc. 16, Defendant replied, Doc. 17, and Plaintiff sur-replied (with leave of court), Doc. 20. So, the matter is at issue.

---

[1] The complaint includes a verification page, which Plaintiff has not signed. Doc. 1, at 14.

## I. Background and Plaintiff's allegations.

Plaintiff "is incarcerated in the custody of the Oklahoma Department of Corrections following his 2019 conviction in Oklahoma County Case No. CF-2017-409." Doc. 1, at 2. Plaintiff "has continuously maintained his innocence." *Id.* During its investigation of the crime scene, law enforcement "collected extensive physical evidence" and "swabbed the gun and magazine for DNA[,]" but did not submit any of the evidence for DNA analysis. *Id.*, at 4-5.

Following his conviction, Plaintiff filed an application in state court for DNA testing pursuant to Oklahoma's Postconviction DNA Act ("the Act"), OKLA. STAT. TIT. 22, § 1373, *et seq.* Doc. 1, at 2.

In pertinent part, the Act states:

> After the motion requesting forensic DNA testing and subsequent response have been filed, the sentencing court shall hold a hearing to determine whether DNA forensic testing will be ordered. A court shall order DNA testing only if the court finds:
>
> 1. A reasonable probability that the petitioner would not have been convicted if favorable results had been obtained through DNA testing at the time of the original prosecution;
>
> 2. The request for DNA testing is made to demonstrate the innocence of the convicted person and is not made to unreasonably delay the execution of the sentence or the administration of justice;
>
> 3. One or more of the items of evidence the convicted person seeks to have tested still exists;
>
> 4. The evidence to be tested was secured in relation to the challenged conviction and either was not previously subject to DNA testing or, if previously tested for DNA, the evidence can be

> subjected to additional DNA testing that will provide a reasonable likelihood of more probative results; and
>
> 5. The chain of custody of the evidence to be tested is sufficient to establish that the evidence has not been substituted, tampered with, replaced or altered in any material respect or, if the chain of custody does not establish the integrity of the evidence, the testing itself has the potential to establish the integrity of the evidence. For purposes of this act, evidence that has been in the custody of law enforcement, other government officials or a public or private hospital shall be presumed to satisfy the chain-of-custody requirement of this subsection absent specific evidence of material tampering, replacement or alteration.

OKLA. STAT. TIT. 22, § 1373.4(A).

"On May 12, 2025, [following an April 4, 2025 evidentiary hearing,] the District Court denied the Motion for DNA Testing, finding that Plaintiff had not shown a 'reasonable probability' that favorable DNA results would have changed the verdict." Doc. 1, at 4-5. According to Plaintiff, this determination was made based on: (1) the state court judge's "belief in the credibility of the victim's trial testimony"; and (2) the victim's identification of Plaintiff, as they knew each other. *Id.* at 5-6.

Plaintiff asserts that the Act violates his Fourteenth Amendment procedural due process rights where it "permits courts to rely on subjective assessments of trial evidence rather than objective scientific inquiry" when reviewing applications for postconviction DNA testing, and "operates as an arbitrary, discretionary barrier to postconviction truth-seeking[.]" *Id.* at 6-7.

"Plaintiff requests injunctive relief to access the evidence sought" for testing by a third-party laboratory.[3] *Id.*, at 12.

## II. Standard of Review.

Defendant moves to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim under Fed. R. Civ. P. 12(b)(6). Doc. 15, at 8.[4]

A motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). "A facial attack questions the sufficiency of the complaint's allegations." *Heldman v. Oklahoma*, No. CIV-19-419-D, 2020 WL 939288, at *2 (W.D. Okla. Feb. 26, 2020). "If the motion challenges only the sufficiency of the jurisdictional allegations in the complaint, the Court confines its review to the pleadings and accepts the allegations in the complaint as true." *Altstatt v. Bd. of Cnty. Comm'rs for Okla. Cnty.*, No. CIV-22-811-D, 2023 WL 6208550, at *2 (W.D. Okla. Sept. 22, 2023).

---

[3] Plaintiff has not alleged that the proposed third-party laboratory is "accredited . . . as defined in Section 150.37 of Title 74 of the Oklahoma Statutes." OKLA. STAT. TIT. 22, § 1373.4(D).

[4] Defendant also asserts Eleventh Amendment immunity, prosecutorial immunity, and qualified immunity. Doc. 15, at 11, 12, 19. Because the undersigned recommends granting the motion to dismiss, , the Court need not consider these claims. *See Moore v. City of Wynnewood*, 57 F.3d 924, 931 (10th Cir. 1995); *Kimbrough v. Kunzweiler*, 2026 WL 1412610, at *6 n.9 (N.D. Okla. May 20, 2026).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In reviewing a motion to dismiss, this Court "accept[s] the well-pleaded facts alleged as true and view[s] them in the light most favorable to the plaintiff." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," *Twombly*, 550 U.S. at 555, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678. "An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement." *Clinton*, 63 F.4th at 1275 (quoting *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)).

"The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id.* (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). But this Court's "task is to consider the complaint's allegations 'taken as a whole.'" *Id.* (quoting *U.S. ex*

*rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1173 (10th Cir. 2010)). "[G]ranting [a] motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Id.* at 1276 (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)). But, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the motion must be granted. *Twombly*, 550 U.S. at 558.

**III. Analysis.**

**A. The *Rooker-Feldman* doctrine bars this Court from reviewing the state court decisions Plaintiff challenges.**

Plaintiff alleges that during his criminal trial, "[t]he State's case rested almost entirely on eyewitness testimony, which was internally inconsistent and ambiguous regarding the identity of the shooter." Doc. 1, at 3-4 (describing weaknesses in the State's evidence). Plaintiff then alleges that in denying his motion for DNA testing, the state court failed to provide "reasons [that] were grounded in scientific fact – they were credibility judgments and speculation, not an objective analysis of DNA's evidentiary value." *Id.* at 5-6. Although Plaintiff asserts that he challenges only the Act's constitutionality, the substance of his complaint extensively critiques the state court's decision in his case. *Id.* at 6 ("Plaintiff does not attack the Orders below; instead, [he] discusses the facts to show that the statutory scheme is unconstitutional"); *id.*

at 2-7 (discussing testimony at trial and at the hearing for Plaintiff's Motion for DNA Testing).

At bottom, Plaintiff's complaint asks the Court to review the state court rulings. This Court lacks authority to do so. *Market v. City of Garden City*, 723 F. App'x 571, 572 (10th Cir. 2017) ("[O]nly the United States Supreme Court has appellate authority to review a state-court decision." (quoting *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074-75 (10th Cir. 2004)).

The *Rooker-Feldman* doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). "[T]he doctrine applies to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Alexander v. Lucas*, 259 F. App'x 145, 148 (10th Cir. 2007) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "*Rooker-Feldman*'s applicability turns on whether the relief sought . . . would reverse or 'undo' the state-court judgment." *Market*, 723 F. App'x at 574 (brackets and internal quotation marks omitted). Plaintiff's complaint seeks precisely that result. *See Simpson v. Quick*, No. 26-

6008, 2026 WL 297077, at *2-4 (10th Cir. Feb. 4, 2026) ("In short, the allegations of Mr. Simpson's complaint illustrate that his § 1983 lawsuit fits within *Rooker-Feldman*'s bar against district court review of state-court decisions."), *cert. denied*, 223 L. Ed. 2d 587 (Feb. 11, 2026); *Kimbrough v. Kunzweiler*, 2026 WL 1412610, at *5 (N.D. Okla. May 20, 2026) ("To the extent Kimbrough requests this Court to review and overturn the state sentencing court's decision, this claim must be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine."); *Neal v. Prater*, No. CIV-19-277-SLP, 2019 WL 6045586, at *2-3 (W.D. Okla. Nov. 15, 2019) ("To the extent that Plaintiff's current action asks this Court to find that Plaintiff does, in fact, meet the statute's requirements, his action is barred by the *Rooker-Feldman* doctrine."); *cf. Huey v. Kunzweiler for Tulsa Cnty. State*, 847 F. App'x 530, 533 (10th Cir. 2021) (finding no jurisdictional bar where "Mr. Huey's complaint does not discuss his motion or the state courts' disposition of the motion."); *Smith v. Jordan*, 2025 WL 2598792, at *5 (N.D. Okla. Sept. 8, 2025) ("Finally, Mr. Smith appears to assert a claim challenging the district court's decision not to issue sanctions for the alleged improper destruction of the evidence. The Court understands this claim as a request for this Court to review and overturn a state court decision. This claim must be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine." (internal citation omitted)).

Therefore, the undersigned recommends dismissal of the complaint for lack of jurisdiction.

**B. In the alternative, Plaintiff fails to state a claim.**

The constitutionality of the Act, and its "reasonable probability" requirement, has been litigated many times. *See Huey*, 847 F. App'x 530; *Hancock v. Behenna*, No. CIV-23-873-G, 2023 WL 7118020, at *4 (W.D. Okla. Oct. 27, 2023); *Tarver v. Kunzweiler*, 2020 WL 6050572, at *6 (N.D. Okla. Oct. 13, 2020); *Neal v. Prater*, No. CIV-19-277-SLP, 2019 WL 6045586, at *4 (W.D. Okla. Nov. 15, 2019) ("Assuming that Oklahoma law creates a liberty interest in Plaintiff being allowed access to the evidence he seeks in order to perform postconviction DNA testing, the Court finds that the procedures imposed by OKLA. STAT. TIT. 22, §§ 1373-1373.7 at least pass due-process muster."); *Pickens v. Kunzweiler*, 2016 WL 1651821, at *4 (N.D. Okla. Apr. 25, 2016). Every federal court to consider the validity of the statute and its "reasonable probability" requirement has found that it is constitutional.

Procedural due process challenges to postconviction DNA-testing statutes are governed by *District Attorney's Office v. Osborne*, 557 U.S. 52 (2009). There, the Supreme Court foreclosed the possibility of substantive due process challenges to such statutes and limited the availability of procedural due process claims. *Id.* at 72 (there is no "freestanding right to DNA evidence" that would implicate substantive due process.). To prove that a state DNA-

testing statute violates procedural due process, a plaintiff must show that the State's postconviction relief procedures "are fundamentally inadequate to vindicate the substantive rights provided." *Id.* at 69 (upholding Alaska's postconviction DNA-testing statute which required a plaintiff to show (1) the evidence was "newly available," (2) the plaintiff "diligently pursued" the evidence; (3) the evidence was "sufficiently material").

Plaintiff asserts that the "reasonable probability" requirement imposed by the Act allows judges "unfettered discretion" to deny requests for DNA testing. Doc. 1, at 9. However, such a requirement is a common feature of postconviction DNA-testing statutes across the country. *See, e.g., Cromartie v. Shealey*, 941 F.3d 1244 (11th Cir. 2019) (upholding reasonable probability standard in Georgia postconviction relief statute); *Morrison v. Peterson*, 809 F.3d 1059, 1068 (9th Cir. 2015) ("Where there is enough other incriminating evidence and an explanation for the DNA result, science alone cannot prove a prisoner innocent"); *Osborne*, 557 U.S. at 64. It is also similar to well-established legal standards applied without issue in other areas of the law. *See Cromartie*, 941 F.3d at 1257 (citing, *inter alia*, *Strickland v. Washington*, 466 U.S. 668, 695 (1984) (ineffective assistance of counsel) and *Kyles v. Whitley*, 514 U.S. 419, 433 (1995) (standard for *Brady* disclosures)). Plaintiff fails to explain why the test, in this context, is so unworkable as to implicate

established precedents. Accordingly, the Court should dismiss the action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**IV. Recommendation and notice of right to object.**

For these reasons, the undersigned recommends that the Court dismiss the action for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine or, alternatively, for failure to state a claim upon which relief can be granted.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court on or before September 14, 2026, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned also advises the parties that the failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both the factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in the captioned matter and terminates the referral.

**SO ORDERED** this 24th day of August, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE